

FILED

11/18/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 20-0039

FILED

NOV 18 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

IN THE SUPREME COURT OF THE STATE OF MONTANA

PR 20-0039

_____

IN THE MATTER OF PATRICK SANDEFUR,

    An Attorney at Law,

    Respondent

ORDER OF
DISCIPLINE

_____

A formal disciplinary complaint was filed against Montana attorney Patrick Sandefur. The disciplinary complaint may be reviewed by any interested person in the office of the Clerk of this Court.

Sandefur subsequently tendered to the Commission on Practice his Conditional Admission and Affidavit of Consent, pursuant to Rule 26 of the Montana Rules for Lawyer Disciplinary Enforcement (MRLDE). The Commission held a hearing on the Conditional Admission and Affidavit of Consent on October 15, 2020, at which hearing Sandefur, represented by Ed Sheehy, appeared and testified. On November 9, 2020, the Commission submitted to this Court Findings of Fact, Conclusions of Law and Recommendation on Rule 26 Conditional Admission and Affidavit of Consent ("Recommendation") in which it recommended that this Court approve Sandefur's conditional admission and enter an order imposing discipline.

Sandefur admitted to failing to promptly and diligently respond to inquiries the Office of Disciplinary Counsel (ODC) made regarding three grievances that were filed against Sandefur by clients he represented in his role as conflict counsel for the Office of the State Public Defender (OPD), and in so doing, Sandefur violated Rule 8.1(b) of the Montana Rules of Professional Conduct.[1] He tendered his admission in exchange for an

_____

[1] Although Sandefur further admitted to violating MRPC 8.1(a) by knowingly making a false

admonition by the Commission, to be delivered either orally or in writing at the Commission's discretion, and payment of costs incurred by the Office of Disciplinary Counsel (ODC) and the Commission in connection with this matter. Sandefur further agreed that ODC would advocate for imposition of a 30-day suspension from the practice of law, while Sandefur would advocate for a lesser sanction.

After a hearing, at which ODC and Sandefur, through counsel, presented argument and the Commission heard testimony from Sandefur and from Mike Larson, Director of the Montana Lawyer Assistance Program, the Commission issued its Recommendation, asking this Court to impose discipline upon Sandefur in the form of an admonition by the Commission, payment of costs, and a 30-day suspension from the practice of law, as advocated by ODC.

This Court reviews de novo the Commission's findings of fact, conclusions of law, and recommendations. *In re Neuhardt*, 2014 MT 88, ¶ 16, 374 Mont. 379, 321 P.3d 833 (citation omitted). Under Rule 26A of the Montana Rules of Lawyer Disciplinary Enforcement (MRLDE), we consider whether to approve or reject the tendered admission.

We have thoroughly reviewed the pertinent portions of the record in this matter, including the Complaint, Sandefur's tendered admission, the transcript of the October 15, 2020 hearing, and the Commission's Recommendation. We accept Sandefur's tendered admission pursuant to MRLDE 26A. However, for the reasons set forth below, while we agree with the Commission's recommendation to impose upon Sandefur an admonition and the costs of this matter, we decline to impose the 30-day suspension recommended by the Commission. Instead, consistent with the range of discipline to which Sandefur agreed in his tendered admission, we have determined not to suspend Sandefur from the practice of law.

Our determination is based upon our review of the facts of this case, which we briefly summarize here: Between July and September 2019, three of Sandefur's clients filed grievances with ODC. ODC forwarded two grievances to Sandefur in August 2019

statement to ODC, the Commission did not impose discipline for that violation because ODC did not charge that violation in its Complaint.

and requested that he respond. Sandefur did not promptly respond, and ODC sent him a second notice. In October 2019, ODC forwarded the third grievance to Sandefur, again requesting a response.

On October 2, 2019, Sandefur spoke to ODC by phone and requested an extension of time. ODC granted him an extension until October 11, 2019, to respond to the first two grievances; response to the third grievance was due October 28. ODC did not receive Sandefur's response to the first two grievances and on October 28, ODC e-mailed Sandefur and reminded him that he had missed the deadline and that his response for the third grievance was due that day. Sandefur responded by e-mail and explained that since March 2019, he had been working away from the office and taking time off as necessary to deal with the health issues of an immediate family member. He assured ODC that he would submit his responses that day. However, he did not do so.

On January 15, 2020, ODC filed a formal complaint before the Commission, alleging Sandefur had repeatedly violated MRPC 8.1(a) by failing to respond to the grievances. Also during January, Sandefur reached out to Larson concerning some difficulties he was having in his personal life. From February 10 through the end of March 2020, Sandefur took leave from OPD while he sought medical treatment. During that time, other attorneys at the OPD conflict office covered any urgent matters that arose in Sandefur's caseload. ODC does not allege in this case that Sandefur's personal issues caused deficient performance of his job duties, aside from his failure to promptly respond to ODC's requests.

On March 11, 2020, Sandefur, through counsel, responded to the present Complaint and denied the charges. However, Sandefur did not provide ODC with responses to the grievances until August 2020. After ODC reviewed Sandefur's responses, which it found "incredibly thorough," it dismissed the grievances.

Although ODC found that no disciplinary action was warranted on the grievances themselves, it determined that Sandefur should be subject to discipline for his failure to timely respond to ODC. ODC pointed out that this was not the first time that Sandefur failed to timely provide a response requested by ODC; in July 2019, Sandefur was subject

3

to a show cause hearing for failing to timely respond to a grievance. In that case, as in the present case, the grievance was dismissed after ODC reviewed Sandefur's response. ODC argued that a suspension was warranted in the present matter because of the repeat nature of the offense. ODC also characterized a 30-day suspension as a "relatively brief period" and offered that such suspension "may even be helpful in allowing Mr. Sandefur to evaluate his case load and concentrate on time management, which appears to be a significant problem for him."

The Commission determined that Sandefur's own medical issues and the prolonged medical issues of an immediate family member mitigated his delay in responding to the grievances until April 2020. However, the Commission further found, "Although the responses Sandefur eventually provided to the ODC in October 2020[] were considered very thorough and the grievances [were] dismissed by the ODC, the reasons for his lengthy failure to respond appear to have been resolved by April 2020. No explanation was given for the ensuing approximately 6-month delay in responding."

Sandefur explained during the hearing, through counsel, some of the circumstances that led to his dilatory response. First, he asserted that the health issues of his immediate family member were ongoing, necessitating significant out-of-state travel for diagnosis and treatment. Second, Sandefur explained that he returned to a significant backlog of work in April 2020, although his coworkers had covered urgent matters in his caseload during his absence. However, as an attorney in the OPD conflict office, he maintains a caseload of well over 100 and possibly as many as 200 cases spread among three counties. Concurrent with his return to this significant backlog of cases, the COVID-19 pandemic also increased his administrative duties. We note again that while ODC asserts that Sandefur failed to promptly provide the grievance responses ODC requested, ODC does not assert that Sandefur failed to address his case backlog upon his return to work.

In further explaining why it was recommending a 30-day suspension, the Commission observed that Sandefur had been subject to a show cause hearing in July 2019 due to a similar failure to respond to ODC and that this should have "motivated him to action" in the present case. However, we note that in July 2019, Sandefur was dealing with

4

the same personal issues that the Commission found mitigated his delay in responding in the present matter until April 2020.

Having undertaken de novo review, we agree that Sandefur's violation of MRPC 8.1(b) warrants discipline and consider the Commission's recommendation for a 30-day suspension. Sandefur, like all Montana attorneys, is expected to comply with ODC's requests promptly as required by MRPC 8.1(b). Like the Commission, this Court places great importance on the obligation of attorneys to fully cooperate with ODC and the disciplinary process; we will uphold discipline imposed upon attorneys who fail to do so. However, in this particular instance, we conclude that this Order and the Commission's admonition will be adequate to address Sandefur's acknowledged failure to meet his ethical obligations. The record does not convince us that Sandefur's failure to respond was due to problems with time management, as ODC suggests; rather, the evidence was that Sandefur initially failed to respond due to a medical crisis and then provided "incredibly thorough" responses to these grievances while successfully managing a demanding caseload, a six-week backlog caused by a necessary leave of absence, and ongoing difficulties in his personal life. Sandefur has demonstrated commitment to managing a heavy caseload, and the public interest is best served by his continued success in that endeavor. Though we share the Commission's concern that repeat violations may signal a lack of respect for the obligations the Rules impose, we do not find evidence of such a lack in this record to persuade us that Sandefur should be suspended.

Based upon the foregoing,

IT IS HEREBY ORDERED:

1. The Commission's Recommendation that we accept Sandefur's Rule 26 tendered admission is ACCEPTED. The Commission's Recommendation for Discipline is ADOPTED IN PART, with Sandefur subject to discipline as set forth in this Order of Discipline.

2. Patrick Sandefur shall receive a public admonition from the Commission. As determined by the Commission, that admonition shall be either in writing or by personal appearance in front of the Commission at a date, time, and place to be set by the

5

Commission.

3. Sandefur shall pay the costs of these proceedings, subject to the provisions of MRLDE 9A(8) allowing her to file objections to the statement of costs.

4. Pursuant to MRLDE 26(D), the Clerk of this Court is directed to file copies of Sandefur's Conditional Admission and Affidavit of Consent, together with the Findings of Fact, Conclusions of Law and Recommendation for Discipline.

The Clerk of this Court is directed to serve a copy of this Order of Discipline upon counsel for Patrick Sandefur, Disciplinary Counsel, and the Office Administrator for the Commission on Practice.

DATED this 18 day of November, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

Justice Dirk Sandefur did not take part in the consideration of this matter.

6